UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

      Plaintiff,

      v.                                        Case No. 20-C-1488

DEPUTY HOHENFELDT and
MEND CORRECTIONAL HEALTHCARE,

      Defendants.

## SCREENING ORDER

Plaintiff Edward Esposito, who is currently incarcerated at Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when a deputy sheriff broke his rib and the jail's health services unit denied him treatment. This matter comes before the court on Esposito's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Esposito has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Esposito has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and he lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Esposito is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE COMPLAINT

On July 25, 2020, officers with the Racine County Sheriff's Office tazed Esposito and forced him to lie face down on the ground. Deputy Hohenfeldt allegedly knelt on Esposito with his knee in the middle of his back. Esposito repeatedly told the officers that he could not breathe, but they handcuffed him and placed a spit mask over his face. Esposito later noticed that the pain in his ribs was not subsiding and he believes that one of his ribs was broken during the encounter. Esposito has repeatedly asked Mend Correctional Healthcare for x-rays and treatment for his ribs, but has been refused.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Esposito claims constitutional violations against Deputy Hohenfeldt for cruel and unusual punishment and against Mend Correctional Healthcare for deliberate indifference.

Esposito's claim against Deputy Hohenfeldt is essentially that Deputy Hohenfeldt used excessive force when subduing him during the incident in question. He claims that Deputy Hohenfeldt placed his knee in the middle of his back with such force that he was unable to breathe and suffered a broken rib. This is sufficient to state a claim against Deputy Hohenfeldt, though it is unclear whether Esposito was a pretrial detainee, in which case his claim would arise under the Fourteenth Amendment Due Process Clause, or whether he was serving a sentence, in which case his claim would be under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

Esposito may be able to state a claim for deliberate indifference to his serious medical needs, though again it is unclear whether it arises under the Eighth or Fourteenth Amendment. He alleges that, despite repeated requests, Mend Correctional Healthcare, which apparently contracts with the Racine County Jail to provide health care to inmates, failed to provide him any care or treatment for his broken rib. It is doubtful that Esposito has a claim against Mend Correctional Healthcare, however.

3

Case 1:20-cv-01488-WCG   Filed 11/06/20   Page 3 of 6   Document 7

Under § 1983, a government entity may not be sued solely for injuries inflicted by its employees but is responsible when it is the execution of its policy or custom that causes the injury. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Because Mend Correctional Healthcare is a private corporation providing essential government services, it "is subject to 'at least the same rules that apply to public entities'" under § 1983. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (quoting *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378–79 (7th Cir. 2017)). Esposito has alleged no facts suggesting that Mend Correctional Healthcare had such a policy or custom. If there was an employee of Mend Correctional Healthcare, such as a nurse at the jail, who failed to respond to his requests, Esposito may have a claim against that person, but he has not identified any such person in his complaint. His claim against Mend Correctional Healthcare will therefore be dismissed, but Esposito will be allowed to file an amended complaint and add either Mend Correctional Healthcare or the individual employee(s) that he believes was deliberately indifferent to his serious medical needs if he can identify either the policy or individual responsible for such indifference. Esposito states in his complaint that he has documented all of his medical requests, so it should be a simple matter for him to name the individual who allegedly ignored his requests.

In summary, the court finds that Esposito fails to state a claim against Mend Correctional Healthcare and, therefore, Mend Correctional Healthcare will be dismissed as a defendant. Esposito may proceed on his claim of excessive force against Deputy Hohenfeldt.

**IT IS THEREFORE ORDERED** that Esposito's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Deputy Hohenfeldt pursuant to Federal Rule of Civil Procedure 4. Esposito is advised that Congress requires the U.S. Marshals Service to charge for making or

attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Esposito's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Esposito is transferred to another institution, the transferring institution shall forward a copy of this order along with Esposito's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Esposito is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 5th day of November, 2020.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge