UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

    Plaintiff,

v.                                Case No. 20-C-1488

DEPUTY HOHENFELDT and
LATISHA RAMUS,

    Defendants.

## SCREENING ORDER

Plaintiff Edward Esposito, who is a pretrial detainee at Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when a deputy sheriff allegedly broke his rib and the head nurse at the facility failed to provide him treatment. The court screened Plaintiff's original complaint, dismissing Mend Correctional Healthcare as a defendant and allowing Plaintiff to proceed against Deputy Hohenfeldt. Dkt. No. 7. Plaintiff has now filed an amended complaint that substitutes Latisha Ramus for Mend Correctional Healthcare as a defendant. Dkt. No. 9.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that on July 25, 2020, Racine County Sheriff's officers tazed him and forced him to lie face down on the ground. Deputy

Hohenfeldt allegedly knelt in the middle of Plaintiff's back. Plaintiff repeatedly told officers that he could not breathe, but they handcuffed him and placed a spit mask over his face. Plaintiff later noticed that the pain in his ribs was not subsiding and believed that one of his ribs was broken. Plaintiff repeatedly filed requests for X-rays and treatment for his ribs but had not been treated. Plaintiff alleges that Latisha Ramus, as the head nurse in charge of "serious medical request[s] and medical decisions," is responsible for denying his requests for X-rays. Am. Compl. at 3.

Plaintiff has clarified that he was a pretrial detainee, not a prisoner, at the time of the alleged violations. Because he was a pretrial detainee, his claims must be assessed under the Due Process Clause of the Fourteenth Amendment, as opposed to the Eighth Amendment's Cruel and Unusual Punishment Clause. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). But the Fourteenth Amendment "provides at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (citations omitted).

Plaintiff was allowed to proceed against Deputy Hohenfeldt in the original screening order (Dkt. No. 7), and Plaintiff has included no new allegations against Deputy Hohenfeldt. However, an analysis of claims under the Fourteenth Amendment differs slightly from that under the Eighth Amendment. Whereas an excessive force claim under the Eighth Amendment can only proceed when the use of force involved an unjustified infliction of harm, *Whitley v. Albers*, 475 U.S. 312, 321 (1986), a pretrial detainee must only show "the force purposely or knowingly used against him was objectively unreasonable," *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). Plaintiff has pleaded enough to plausibly state an excessive force claim under the Due Process Clause and survive dismissal at this stage.

Similarly, Plaintiff has pleaded sufficient facts for his claim against Latisha Ramus to proceed. Plaintiff states that he repeatedly requested medical care for a possible broken rib and that Latisha Ramus, by virtue of her position, was responsible for denying that care. Because detainees, unlike convicted prisoners, should not be subjected to any form of punishment, "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To recover on a due process claim of deliberate indifference, a plaintiff must show that "the delay in medical care caused some degree of harm." *Id*. at 347. From the facts alleged, it can be reasonably inferred that Ms. Ramus denied Plaintiff's request for treatment and he suffered pain as a result. At the screening stage, this is enough to proceed.

## CONCLUSION

The court finds that Plaintiff may proceed on the following claims: violation of due process in using excessive force by Deputy Hohenfeldt and in deliberate indifference to a serious medical need by Latisha Ramus.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The court is not involved in the collection of the fee.

3

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal

rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 1st day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
