UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDWARD LOUIS ESPOSITO,

        Plaintiff,

  v.                                          Case No. 20-C-1488

JONATHAN HOHENFELDT, et al,

        Defendants.

---

## DECISION AND ORDER ON EXHAUSTION

---

Plaintiff Edward Louis Esposito, who is representing himself, is proceeding with claims under 42 U.S.C. §1983 that defendant Jonathan Hohenfeldt used excessive force at the Racine County Jail on July 25, 2020, and defendant Latisha Ramus was deliberately indifferent towards his injuries following the excessive force incident. *See* Dkt. No. 1; *see also* Dkt. No. 10 at 5. On February 11, 2021, Hohenfeldt filed a motion for summary judgment based on Esposito's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 20. For the reasons explained below, the Court will grant the motion and dismiss Esposito's claim against Hohenfeldt.

### FACTS

At the relevant time, Esposito was in custody at the Racine County Jail on a probation hold and pending charges. Dkt. No. 21, ¶1. Hohenfeldt was a deputy at the jail. *Id*., ¶2. According to the complaint, on July 25, 2020, Hohenfeldt knelt on Esposito's back and broke his rib. *Id*.; *see also* Dkt. No. 1. About six days later, on July 31, 2020, Esposito filed an inmate complaint. Dkt. No. 21, ¶3. The inmate complaint raised multiple issues concerning the medical care, including denial of a mattress for chronic back pain, poor medical care, and denial of medication. The grievance also alludes to being disciplined for standing up for himself, being tazed, denial of his

bi-polar medication, and having "a broken rib now from Officer Hohenfeldt." *Id*., ¶4; *see also* Dkt. No. 23-2. The grievance says nothing about how the broken rib occurred and contains no accusation that Officer Hohenfeldt used excessive force. This inmate complaint was forwarded to medical staff to resolve the medical issues; and medical staff addressed the medical issues on August 3, 2020. Dkt. No. 21, ¶¶5, 10-11. The remainder of the issues were not addressed purportedly because the inmate complaint improperly raised multiple issues in the same inmate complaint. *Id*., ¶9. There is no evidence that Esposito was ever told that his grievance was rejected. Esposito filed no other grievances or appeals related to the incident of July 25, 2020. *Id*., ¶¶6, 12.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co*., 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

# ANALYSIS

"[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) and *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). If administrative procedures are not available, however, exhaustion is not required. *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016). "Prison authorities cannot immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Racine County Jail outlines its inmate grievance procedure in the Inmate Handbook. Dkt. No. 23-1. Inmates are required to use the grievance procedure to resolve any matter in which the inmate "is personally affected in one of the following ways: health, safety/welfare, disciplinary procedure, facility operation, or availability of services." *Id*. at 2-3, §D. To properly exhaust administrative remedies, the inmate must file a grievance within seven (7) calendar days of the occurrence. *Id*., §A. The grievance may address only one issue. *Id*., §B. Properly submitted grievances are investigated and responded to within fourteen (14) calendar days. *Id*., §G. If a grievance is not considered because it was filed improperly, another grievance may be submitted using the proper grievance procedure. *Id*., §F.

Hohenfeldt argues that the undisputed evidence shows that Esposito failed to comply with the jail's grievance procedures because he raised multiple issues in the same inmate complaint. Medical staff addressed the medical issues on August 3, 2020, but the remaining issues were not addressed because they were improperly raised. The defendant notes that the jail's exhaustion procedures specifically notified Esposito that he could file another inmate complaint if his grievance was not considered because it was filed improperly, but Esposito did not do this.

What the defense fails to note, however, is that Esposito was never informed his grievance was rejected because it addressed more than one issue. Without being told his grievance was rejected, Esposito would have no reason to submit a new one. For this reason, the Court is reluctant to dismiss Esposito's claim against Hohenfeldt on this basis. On the other hand, it appears from the Court's review of the grievance Esposito did file that it does not contain any claim against Officer Hohenfeldt. The grievance recites a list of complaints Esposito has, primarily dealing with his medical care, and then adds as another condition for which he needs medical care the statement, "I also have a broken rib now from Officer Hohenfeldt." Dkt. No. 23-2. There is no allegation that Officer Hohenfeldt did anything improper. This is not enough to state a grievance against Officer Hohenfeldt.

Esposito states that he filed eight other inmate complaints and ten medical requests while at the Racine County Jail. *See* Dkt. No. 34, ¶¶3, 6. He does not offer any copies of these other grievances, however, even though he claims his keeps "all my carbon copies." Dkt. No. 34, ¶6. Nor does he describe what these other grievances were about. To the extent he offers any information about them, Esposito identifies in his response materials the date of each of the eight inmate complaints and the individuals involved in each inmate complaint. *See* Dkt. No. 34, ¶3. None of the eight inmate complaints involve Hohenfeldt (three involve Sgt. Luedtke; two involve Sgt. Clope; two involve Capt. Friend; and one involves Sgt. Hesthaven). Further, four of the eight

inmate complaints were filed on or after August 5, 2020, which means they were untimely filed more than 7 calendar days after July 25, 2020 occurrence. Esposito's ten medical requests also do not exhaust his excessive force claim.

In other words, Esposito has not placed in dispute the declaration of Lt. Jason Yohn, who states upon his review of Esposito's file that it contains no other grievance relating to Officer Hohenfeldt or the July 25, 2020 incident. Dkt. No. 23, ¶ 10. Esposito was advised that to defeat the defendant's motion for summary judgment, he "must support every disagreement with a proposed fact by citing to evidence." Dkt. No. 25 at 2. The Court explained that he could do this by "relying on documents that he attaches to his response." *Id*. Esposito clearly did not do this.

In sum, Esposito was required to exhaust administrative remedies by filing "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The jail specifically requires inmates to formally raise grievances using an Inmate Request Form. *See* Dkt. No. 23-1 at 2. Esposito cannot exhaust his excessive force claim by filing a medical request. Based on the undisputed evidence, the Court is satisfied that Esposito failed to exhaust administrative remedies with respect to the excessive force claim against Hohenfeldt. The Court will grant the motion for summary judgment and dismiss Hohenfeldt from this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment (Dkt. No. 20) is **GRANTED** and defendant Hohenfeldt is **DISMISSED** from this case.

Dated at Green Bay, Wisconsin this 3rd day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

5